[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE:
CT Page 143 MOTION TO STRIKE #165
The defendant, Echo Hose Hook and Ladder moves to strike counts 12, 18, 30 and 36 of the plaintiff's amended complaint dated December 8, 1998.
Counts 12 and 30 allege a cause of action in gross negligence. As the defendant points out, this court has previously held that there is no common law cause of action in Connecticut for gross negligence. The defendant acknowledges that this court has also held that C.G.S. § 7-311 does create a cause of action in gross negligence but argues that the allegations against it in the complaint do not come within the purview of 7-311.
The plaintiff responds by claiming that he is entitled to allege gross negligence pursuant to 7-311 and 52-557 arguing that both statutes create such a cause of action and are applicable to this defendant.
Section 10-3(a) of the Connecticut Practice Book provides:
 "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number."
Each of the statutes relied upon by the plaintiff, of course, requires certain allegations in order for them to be applicable. Not only must the particular statute be identified, but the cause of action based on each should be separately stated in a separate count. As this has not been done, the motion to strike is granted as to counts 12 and 30.
The defendant, Echo Hose, also moves to strike counts 18 and 36 on the ground that they fail to set forth sufficient factual allegations to support a claim of willful, wanton, reckless misconduct.
It is axiomatic that a motion to strike admits all facts which have been well pleaded. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). Additionally such facts as pleaded in the complaint must be construed most favorably toward the plaintiff. CT Page 144Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988).
The court agrees with the defendant that allegations which by their nature constitute no more than simple negligence cannot be transformed into claims of willful, wanton or reckless misconduct merely by labeling them as such. See Brown v. Branford,12 Conn. App. 106, 110 (1987). The court must examine the factual allegations themselves to determine whether such allegations, if proven, would rise to the level of such conduct.
Willful, wanton or reckless conduct means highly unreasonable conduct involving an extreme departure from ordinary care where a high degree of danger is apparent. Dubay v. Irish, 207 Conn. 518,533 (1988).
Among his allegations, the plaintiff alleges that this defendant, having been notified that the plaintiff's decedent was in need of immediate medical care, knowingly delayed in providing such care resulting in the demise of decedent. Should such allegations be proven, a finder of fact could, in the court's opinion, conclude that such conduct rose to the level of extreme degree of departure from the standard of care where a high degree of danger is apparent. Therefore, the motion to strike is denied as to counts 18 and 36.
THOMPSON, J.